940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellee,
v.
David GEBRON, Petitioner-Appellant.
 No. 91-6047.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner David Gebron appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. Petitioner was convicted following a guilty plea to a charge of interstate travel with intent to commit extortion and aiding and abetting an assault, in violation of 18 U.S.C. Secs. 2 and 1952(a)(2). He was sentenced to five years imprisonment. Petitioner did not appeal his conviction, but did file a "Delayed Motion for Leave to File an Appeal," and a "Motion to Reduce or Correct Sentence," pursuant to Fed.R.Crim.P. 35(b), both of which were denied. This court affirmed the denial of petitioner's Rule 35(b) motion and dismissed the appeal of his conviction for lack of appellate jurisdiction because he failed to timely file the notice of appeal. See United States v. Gebron, No. 89-6254 (10th Cir. May 25, 1990). A second Rule 35(b) motion was also denied by the district court, from which the instant appeal was taken.[1]
 
 
 3
 On appeal, petitioner asserts that his guilty plea was unlawfully induced and involuntary, his counsel was unconstitutionally ineffective, and that the district court imposed an "unduly harsh" sentence.[2] The district court concluded, after reviewing the facts and circumstances surrounding his representation and sentence, that petitioner failed to show that his counsel was ineffective under the standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), and that his sentence was within the statutory limit for his offense. We have reviewed the record on appeal and agree with the district court that petitioner has failed to sustain his burden of showing that his guilty plea was involuntary or unlawfully induced, that his counsel was ineffective, or that his sentence was not in accordance with the law. Accordingly, we affirm the district court's September 6, 1990, order for substantially the same reasons contained therein.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government also has sought to dismiss this appeal, alleging that petitioner failed to timely file a notice of appeal. Petitioner defended the delay on the grounds that he did not receive the district court's September 6, 1990, order denying his motion until January 24, 1991. In support, petitioner submitted an envelope from the district court indicating that the prison received the district court's order on January 23, 1991. The government appears to concede this issue, stating in its brief on the merits that "defendant has perfected his appeal of [the district court's September 6, 1990] ruling." Brief of Plaintiff-Appellee at 4. In light of these facts, we deny the government's motion to dismiss the appeal
 
 
 [2]
 Petitioner also makes allegations in an affidavit asserting that the district judge was prejudiced against him. The allegations of the judge's bias are based upon one unsupported quadruple hearsay statement that the judge was under pressure to sentence petitioner to the maximum term possible, and that the judge would not change venue, give a continuance, was in the same political party as a lawyer for the victim, and would not take into account in sentencing petitioner's "lifetime of contributions to the community and his country." Appellant's Opening Brief Ex. E. This apparently is a repeat of allegations of bias made in the appeal of denial of petitioner's first Rule 35(b) motion. This court there said that the claim was not proper as grounds for Rule 35(b) relief and, additionally, was not proper because raised for the first time on appeal. United States v. Gebron, No. 89-6254 at 2 (10th Cir. May 25, 1990). Thus, the contention is subject to dismissal on res judicata grounds. We also find the contention so unsupported as to be frivolous